UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | CIVIL ACTION |
| v. | ) ) | NO. 12-40009-TSH |
| HECTOR RODRIGUEZ, Respondent, | ) ) ) ) ) |  |

### Memorandum Of Decision
August 3, 2018

**HILLMAN, D.J.**

### Background

Hector Rodriguez ("Rodriguez" or "Defendant") has filed a motion to vacate his sentence under 28 U.S.C. § 2255 (a "2255 petition"). More specifically, in his 2255 petition, Rodriguez asserts that a conviction in New York for Criminal Sale of a Controlled Substance in the Fifth Degree is not a predicate offense under 21 U.S.C. § 841(b)(1)(B)(iii) and therefore, he should not have been subject to an enhanced penalty as a career offender. For the reasons set forth below, Rodriguez's motion is *denied*.

### Discussion

#### Rodriguez's Motion is Time-Barred

Effective April 24, 1996, the statutes governing habeas corpus petitions for prisoners in state and federal custody were amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA") to impose a one year statute of

limitations period on the filing of all non-capital habeas petitions in federal courts. *See* 28 U.S.C. §2244(d)(1); *see also Zuluaga v. United States*, 971 F.Supp. 616 (D.Mass. 1997). Under the AEDPA, § 2255 motions must be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claim presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Rodriguez's 2255 petition is time-barred because as explained below, it was not filed within a year of any of the relevant triggering events under § 2255(f). First, the Supreme Court of the United States denied Rodriguez's petition for writ of certiorari on October 20, 2014-- almost two and a half years before Rodriguez filed his 2255 petition. Therefore, Rodriguez did not file his 2255 petition within one year of the date on which his conviction became final. Second, Rodriguez does not allege any kind of action by the Government that impeded his capacity to bring a motion under Section 2255. Third, as discussed in detail in the Government's opposition, Rodriguez did not bring his 2255 petition within one year of a newly recognized right made *retroactively* applicable to cases on collateral review. *See* Government's Response To The 2255 Motion (Docket No. 163)("Government's Response"), at pp. 4-5. Finally, the Rodriguez does not advance any facts supporting his claim that would not have been obvious

to him at the time he was convicted and subsequently sentenced. *See United States v. Cruz,* No. 99-10172-GAO, 2016 WL 4083326, at *2 (D. Mass. July 20, 2016).

<u>Rodriguez's Claim is Procedurally Defaulted and Lacks Merit</u>

While it is not necessary for me to address the Government's remaining arguments, I note that for the reasons stated in the Government's Response and its Notice of Supplemental Authority (Docket No. 164), I find that Rodriguez is not entitled to relief on his 2255 petition because he has procedurally defaulted with respect to his lone claim for relief[1] and his claim is foreclosed by prior First Circuit precedent.

**Certificate of Appealability**

"Section 2253(c) of Title 28 of the United States Code provides that a Certificate of Appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' In order to make a 'substantial showing,' a petitioner seeking a Certificate of Appealability must demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. To meet the debatable-among-jurists-of-reason standard the petitioner must prove 'something more than the absence of frivolity or the existence of mere good faith.' " *United States v. Cintron*, 281 F. Supp. 3d 241, 242 (D.Mass. 2017). Given that no reasonable jurists could debate this Court's finding that

---

[1] In his memorandum in support of his 2255 petition, Rodriguez asserts, contrary to the Government's position, that he preserved his objection to his New York state court conviction being considered a predicate offense for purposes of the career offender statute. While it is true that Rodriguez, *pro se*, and his counsel both filed objections to his being sentenced as a career offender, the legal theories which they argued were distinct from the legal theory he raises in his 2255 petition.

3

Rodriguez's 2255 petition is barred by the statute of limitations and foreclosed by First Circuit precedent, a certificate of appealability shall not issue.

## **Conclusion**

It is Ordered that:

Defendant's Motion To Vacate Set Aside, Or Correct A Sentence By A Person In Federal Custody (Docket No. 160) is ***denied***.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE