UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **UNITED STATES** )<br>)<br>)<br>)<br>**vs.** )<br>)<br>**HECTOR RODRIGUEZ** )<br>)<br>) | **CIVIL ACTION**<br>**NO. 12-40009-TSH** |

**Order**
**June 21, 2023**

**HILLMAN, S.D.J.**

## Background

Hector Rodriguez ("Rodriguez") has filed a letter with this Court pursuant to which he asks for a reduction in his sentence on the grounds that he was sentenced as a career offender based on two prior drug related convictions and at least one of the convictions relied on by the Court is no longer qualifies as a predicate offense.[1] Rodriguez appealed his conviction on multiple grounds, including that he was wrongly sentenced as a career offender.[2] His appeal was denied. On May 11, 2017, Rodriguez filed a motion to vacate under 18 U.S.C. § 2255 ("2255 petition") raising the same legal issue and making the same arguments as in the instant motion

---

[1] Rodriguez contends that the New York state conviction for Criminal Sale of a Controlled Substance in the Fifth Degree may not have qualified as a predicate offense at the time of his sentencing which he alleges has been made clear by recent Second Circuit case law.

[2] On direct appeal, Rodriguez argued that his sentence was illegal because the jury rather than the judge should have made the factual findings regarding whether he was a career offender. He did not argue that his prior convictions did not constitute predicate offenses.  *See United States v. Rodriguez*, 759 F.3d 113 (1st Cir. 2014).

to reduce his sentence, *i.e.,* that his conviction in New York for Criminal Sale of a Controlled Substance in the Fifth Degree is not a predicate offense under 21 U.S.C. § 841(b)(1)(B)(iii) and therefore, he should not have been subject to an enhanced penalty as a career offender. On August 3, 2018, this Court denied Rodriguez's 2255 petition as time-barred, procedurally defaulted and lacking merit. This Court also denied Rodriguez a Certificate of Appealability. *See United States v. Rodriguez*, 321 F.Supp.3d 256 (D.Mass. 2018). Rodriguez did not appeal the denial of his 2255 petition. During the COVID-19 pandemic, Rodriguez filed an emergency motion for compassionate release on the grounds that his medical conditions placed him at high risk of death or serious illness should he contract the virus. That motion was denied. Rodriguez's appeal was dismissed for failure to prosecute.

## Discussion

Rodriguez has filed a motion to reduce his sentence. He does not cite the authority pursuant to which he seeks such relief. Moreover, he has previously invoked the obvious direct and collateral routes available to him for vacating his conviction and/or sentence, that is, he has filed a direct appeal, and a 2255 petition. Given the nature of the issue raised in his motion and the arguments in support, the Court will assume he is renewing his request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1(A), this time on the grounds that he was subjected to a substantially longer prison sentence than was warranted because either the Court erroneously found that his New York Conviction was a predicate offense, or since the time of his sentencing, newly recognized law has made clear such conviction does not constitute a predicate offense.

The Court starts with the general proposition that it "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, relevant to Rodriguez's situation, "Section 3582(c)(1)(A) authorizes a court to reduce a term of imprisonment when

'extraordinary and compelling reasons warrant such a reduction.'[] A prisoner seeking such relief may file a motion after exhausting his administrative remedies. To grant the motion, the district court must find both that the defendant has presented an 'extraordinary and compelling' reason warranting a sentence reduction … In addition, the district court must consider any applicable section 3553(a) factors, see id., and 'determine whether, in its discretion, the reduction ... is warranted in whole or in part under the particular circumstances of the case.' " *United States v. Ruvalcaba,* 26 F.4th 14, 18–19 (1st Cir. 2022)(internal citations and citations to quoted authorities omitted).

Initially, the Court notes that Rodriguez has not established that he exhausted his administrative remedies with respect to the instant motion as required by Section 3582(c)(1)(A) and for that reason alone, his request must be denied. Additionally, Rodriguez has failed to establish that extraordinary and compelling reasons warrant a reduction in his sentence. This Court has previously denied an identical not only because it was time barred, but also because his argument is foreclosed by prior First Circuit precedent and therefore, lacks merit. Accordingly, Rodriguez's motion to reduce his sentence is *denied*.

## Conclusion

Hector Rodriguez's request to reduce his sentence (Docket No. 207) is ***denied***.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
SENIOR U.S. DISTRICT JUDGE